**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 180586-U

Order filed November 14, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | |
|---|---|
| RONDA NULL and GORDON R. MCCANN, ) | Appeal from the Circuit Court |
| ) | of the 10th Judicial Circuit, |
| Plaintiffs-Appellants, ) | Tazewell County, Illinois, |
| ) | |
| v. ) | |
| ) | |
| CITY OF PEKIN; CITY OF PEKIN CODE ) | |
| ENFORCEMENT UNIT; RON SIEH, in his ) | |
| individual and official capacity; DAVE VAN ) | |
| DYKE, in his individual and official capacity; ) | Appeal No. 3-18-0586 |
| MARK REEDER, in his individual and official ) | Circuit No. 17-L-105 |
| capacity; JAMES "JIM" COOPER d/b/a D&S ) | |
| TOWING; DAVID L. BURLING & SON ) | |
| EXCAVATING, INC.; ATTORNEY BRIAN ) | |
| HELLER, City of Pekin Hearing Officer, in his ) | |
| individual and official capacity; PEKIN ) | |
| INSURANCE, ) | Honorable |
| ) | Michael D. Risinger, |
| Defendants-Appellees. ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Lytton and O'Brien concurred in the judgment.

_____

**ORDER**

_____

¶ 1      *Held*:   The circuit court properly dismissed plaintiffs' complaint with prejudice based upon the doctrine of *res judicata*.

¶ 2        Plaintiffs, Ronda Null and Gordon R. McCann, filed an eight-count complaint in the circuit court of Tazewell County against City of Pekin, certain City of Pekin employees (City of Pekin individual defendants), James "Jim" Cooper d/b/a D&S Towing (defendant Cooper), and David L. Burling & Son Excavating, Inc. (defendant Burling), based upon acts the collective defendants performed on October 5 and 8, 2012. Plaintiffs sought compensatory and punitive damages for trespass to property and chattels, theft and conversion, and an illegal search and seizure. The circuit court dismissed plaintiffs' complaint with prejudice after finding the complaint was both untimely and barred by *res judicata*. Plaintiffs appeal.

¶ 3                                    I. BACKGROUND

¶ 4        On June 18, 2012, City of Pekin cited plaintiff Null for maintaining a nuisance because her yard, located at 1403 Camden Street in Pekin, Illinois, was "full of junk and debris and tall grass and weeds," in violation of City of Pekin's municipal code. Following an administrative hearing, administrative hearing officer Heller found plaintiff Null violated section 6-2-5-1 of City of Pekin's municipal code, pertaining to nuisances. Heller gave plaintiff Null an opportunity to bring the property into compliance by August 27, 2012. However, Heller's decision provided, "[i]f the violation has not been abated by 8/27/12, the City of Pekin is authorized to enter the property by its employees or agents to abate the nuisance by removing the weeds, debris, junk, [and] vehicle."[1] On October 5 and 8, 2012, City of Pekin carried out the authority provided by Heller's administrative decision. City of Pekin, with the other collective defendants, entered plaintiff Null's property to abate the nuisance by removing the weeds, debris, junk, and vehicle.

---

[1]Plaintiff Null filed a complaint for administrative review, which was denied, in Tazewell County case No. 12-MR-117. Plaintiff Null did not appeal the denial of her complaint for administrative review.

¶ 5    On October 3, 2014, plaintiff McCann filed a *pro se* complaint in Tazewell County case No. 14-L-126, naming, among others, City of Pekin, Ron Sieh, Dave Van Dyke, Mark Reeder, James Cooper d/b/a D&S Towing, David L. Burling & Son Excavating, Inc., and administrative hearing officer Heller as defendants.[2] Plaintiff McCann sought compensatory damages for the collective defendants' conduct at plaintiff Null's residence on October 5 and 8, 2012. He alleged, among other things, an illegal search and seizure, trespass to chattels, and theft.

¶ 6    Count I of plaintiff McCann's complaint alleged defendant Cooper towed a 1993 Oldsmobile Delta 88 from the driveway of "the Camden Street property," causing damage to the vehicle and driveway. Defendant Cooper "pilfer[ed] through the 1993 Oldsmobile Delta 88" and removed plaintiff McCann's belongings. Plaintiff McCann also alleged defendant Cooper towed a 1987 Dodge Dakota pickup truck from "the Camden Street property," depriving him of its contents, including "precious metals, tools, railroad items and other personal property." Further, plaintiff McCann alleged defendant Burling searched and seized his personal property.

¶ 7    Count II alleged City of Pekin and City of Pekin individual defendants committed a trespass to chattels by facilitating the acts of defendants Cooper and Burling. Count V alleged administrative hearing officer Heller used oppressive government action by issuing rulings that did not adhere to City of Pekin's municipal code or Illinois statutes. Plaintiff McCann subsequently sought leave to amend his complaint in Tazewell County case No. 14-L-126 to add plaintiff Null as a party. This request was denied by the circuit court.

¶ 8    On June 30, 2017, following a hearing, the circuit court dismissed plaintiff McCann's entire complaint in Tazewell County case No. 14-L-126 with prejudice under section 2-619(a)(5) of the Code of Civil Procedure (Code), 735 ILCS 5/2-619(a)(5) (West 2016). The circuit court

---

[2]Plaintiffs McCann and Null are in a romantic relationship.

found plaintiff McCann's complaint was not filed within the one-year limitations period contained in section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (Act), 745 ILCS 10/8-101 (West 2016). The trial court denied plaintiff McCann's motion to reconsider. Plaintiff McCann did not appeal the final order in Tazewell County case No. 14-L-126.

¶ 9 On October 3, 2017, *pro se* plaintiffs Null and McCann initiated the present lawsuit, Tazewell County case No. 17-L-105, by filing their eight-count complaint seeking compensatory and punitive damages. Plaintiffs Null and McCann's allegations were based upon the October 5 and 8, 2012, events when the collective defendants, pursuant to Heller's administrative decision, entered plaintiff Null's yard to remove "the weeds, debris, junk, [and] vehicle."

¶ 10 Counts I and II of the complaint in Tazewell County case No. 17-L-105 alleged defendant Cooper trespassed onto plaintiff Null's premises and unlawfully entered her 1993 Oldsmobile Delta 88 to effectuate a tow, damaging that vehicle and plaintiff Null's driveway. Counts III and IV alleged defendant Burling trespassed onto plaintiff Null's premises and unlawfully cut down trees and shrubs and disposed of plaintiffs Null and McCann's personal property, including lawn mowers, ladders, garden hoses, a metal hose reel and stand, garden tools, lawn chairs, gas grills, propane tanks, and flowerpots. Counts V and VI alleged defendant Cooper committed theft and conversion of plaintiff McCann's personal property, including motorcar parts, socket sets, torch outfits, a race car motor, precious metals, air hoses, photographs, cash, welding rods, and suspension parts that were located in plaintiff McCann's 1987 Dodge Dakota pickup truck when it was towed from plaintiff Null's premises.

¶ 11 Count VII alleged City of Pekin, through its employees, defendants Cooper and Burling, committed theft and conversion of plaintiff McCann's personal property, described above. Count

4

VIII alleged City of Pekin, through City of Pekin individual defendants, unlawfully entered plaintiff Null's premises to search and seize property belonging to plaintiffs.

¶ 12        On March 15, 2018, City of Pekin and City of Pekin individual defendants filed a motion to dismiss under section 2-619(a)(5) and (9) of the Code. Defendant Burling joined and adopted this motion to dismiss on May 18, 2018.[3] Defendants argued plaintiffs' complaint was untimely under section 8-101 of the Act and barred by *res judicata*. Further, defendants indicated section 2-208 of the Act immunized administrative hearing officer Heller from liability for prosecuting the administrative proceedings against plaintiff Null.

¶ 13        On August 28, 2018, the circuit court dismissed plaintiffs' complaint with prejudice, finding their causes of action were barred by the one-year statute of limitations contained in section 8-101 of the Act and the doctrine of *res judicata*. Plaintiffs filed a timely notice of appeal on September 27, 2018.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, plaintiffs challenge the circuit court's decision to dismiss their complaint based upon the statute of limitations and the doctrine of *res judicata*. The collective defendants contend that the trial court's ruling was correct. We agree. For purposes of our review, we limit our discussion to the doctrine of *res judicata*, which is outcome determinative. *Res judicata* bars the relitigation of issues that were decided, or could have been decided, in an original action. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008).

¶ 16        *Res judicata* has three requirements. *Id*. First, a final judgment must be rendered on the merits by a court of competent jurisdiction. *Id*. "[A]n involuntary dismissal ***, other than a

---

[3]A motion for default judgment was filed by plaintiffs against defendant Cooper.

dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." See Ill. S. Ct. R. 273 (eff. Jan. 1, 1967).

¶ 17    Second, *res judicata* requires an identity of cause of action. *Hudson*, 228 Ill. 2d at 467. "If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action." *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 295 (1992) (quoting *Morris v. Union Oil Co. of California*, 96 Ill. App. 3d 148, 157 (1981)).

¶ 18    Third, there must be identity of parties or privies, such that the parties "adequately represent the same legal interests." *Id*. at 296; *Hudson*, 228 Ill. 2d at 467. Indeed, it is identity of interest, rather than the nominal identity of the parties, that determines privity. *Burris*, 151 Ill. 2d at 296. A nonparty may be bound if its interests are so closely aligned to those of a party that the party is the "virtual representative" of the nonparty. *City of Chicago v. St. John's United Church of Christ*, 404 Ill. App. 3d 505, 513 (2010).

¶ 19    Here, we conclude the final judgment rendered in plaintiff McCann's prior lawsuit, Tazewell County case No. 14-L-126, bars the present lawsuit. First, there was a final judgment rendered on the merits in case No. 14-L-126, which plaintiff McCann did not appeal. See *Hudson*, 228 Ill. 2d at 467.[4] The circuit court entirely dismissed that lawsuit after finding plaintiff McCann's complaint was not timely filed within the one-year limitations period contained in section 8-101 of the Act. See Ill. S. Ct. R. 273 (eff. Jan. 1, 1967); 745 ILCS 10/8-101 (West 2016).[5]

---

[4]It is undisputed that this appeal does not involve a "dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party." See Ill. S. Ct. R. 273 (eff. Jan. 1, 1967).

[5]Since the circuit court entirely dismissed Tazewell County case No. 14-L-126 on this basis, without an appeal from plaintiff McCann, plaintiffs' argument that section 8-101 does not provide the proper limitations period for the identical defendants in the present lawsuit is also barred by *res judicata*.

¶ 20 Second, there was an identity of cause of action between the present appeal and plaintiff McCann's lawsuit in Tazewell County case No. 14-L-126. See *Hudson*, 228 Ill. 2d at 467. Indeed, there is an undeniable overlap between the complaints filed in the prior lawsuit and in this case. The complaints from both lawsuits identify the same personal property belonging to plaintiffs McCann and Null, located at 1403 Camden Street in Pekin, Illinois, on October 5 and 8, 2012. Clearly, the same facts and evidence from the same defendants' alleged conduct on October 5 and 8, 2012, at plaintiff Null's residence, would be "essential to the maintenance of both proceedings." See *Burris*, 151 Ill. 2d at 295.

¶ 21 Third, plaintiffs McCann and Null, between Tazewell County case No. 14-L-126 and the case on appeal, represent an identity of parties or privies. *Id.* at 296; *Hudson*, 228 Ill. 2d at 467. Plaintiff McCann himself sought leave to add plaintiff Null as a party in case No. 14-L-126. Moreover, as stated above, there is an overlap between the personal property of plaintiffs McCann and Null that was identified in the complaints filed in each case. These facts adequately indicate plaintiffs "represent the same legal interests" and that plaintiff McCann was the "virtual representative" of plaintiff Null in case No. 14-L-126. See *Burris*, 151 Ill. 2d at 296; *St. John's United Church of Christ*, 404 Ill. App. 3d at 513. Therefore, the circuit court correctly found *res judicata* barred plaintiffs' claims in this case.

¶ 22                                     III. CONCLUSION

¶ 23 The judgment of the circuit court of Tazewell County is affirmed.

¶ 24 Affirmed.

7